### ZARLENGO, Plaintiff-Appellee, v. SNYDER, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3324. Decided June 21, 1950.

Harry T. Rapport, W. P. Barnum, Youngstown, for plaintiff-appellee.

Clyde W. Osborne, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, PJ.

On the 25th day of May, 1946, plaintiff in the court of common pleas, called plaintiff in this opinion, entered into a verbal agreement with defendants, Cecelia Snyder and Isidore S. Snyder, her husband, who will be referred to herein by their surnames, to alter, improve and repair their real property situated in Youngstown, Mahoning County, Ohio, on a cost plus basis.

The contract was not completed allegedly because of defendants Snyders' failure to permit plaintiff to complete such alterations, improvements and repairs in accordance therewith. Thereupon plaintiff sued defendants Snyder, and their co-defendants, in the court of common pleas to recover a money judgment against defendants Snyder, to marshal liens on such property, and to sell it to satisfy those liens.

During trial of that action counsel for the respective parties stipulated that "the only issues that will be tried at this time to a jury are the issues as set forth in the first cause of action of plaintiff's amended petition and the answer of defendant, Cecelia Snyder and Isidore S. Snyder, in answer thereto, and that all other issues be reserved for further adjudication to the court."

On March 30, 1949, the trial judge made the following entry in that action:—

"On trial to jury. Both plaintiff and defendants move for judgment. Counsel stipulate that the Court may decide all questions of fact and law. Juror withdrawn and jury discharged. Cause submitted to court."

The trial judge found that plaintiff's claimed lien in the amount of $5330.06 with interest at 6% per annum from February 1, 1947, defendant Sidney G. Hill's claimed lien in the amount of $623.88 with interest at 6% per annum from December 12, 1946, defendant Patsy Zarlengo's claimed lien in the amount of $1073.75 with interest at 6% per annum from December 28, 1946, defendant Joseph Bloomberg's d. b. a. R. Charles Bloomberg and Son, claimed lien in the amount of $1333.51 with interest at 6% per annum from December 28, 1946, and A. G. Sharp Lumber Company's claimed lien in the amount of $645.90 with interest at 6% per annum from January 13, 1947, were good and valid liens upon such premises.

In the same entry the trial judge ordered plaintiff to pay to defendants-cross-petitioners Hill, Zarlengo, Bloomberg and Sharp the amounts of their judgments against plaintiff in the event defendants Snyder paid the amount of the judgment held by plaintiff against them.

The parties waived trial by jury on the second cause of action of plaintiff's petition, and upon hearing the trial judge entered judgment on June 2, 1949, for defendants Sidney G. Hill and Patsy Zarlengo against plaintiff upon his finding that their claimed liens were valid liens against the real estate of defendants Snyder, and on June 7, 1949, overruled "all motions for new trial."

Defendants Snyder appealed to this court on questions of law and fact "from the final order and judgments made and entered herein on the 13th day of April, 1949, and the supplemental order and judgment filed June 2, 1949; also from the order entered on the 7th day of June, 1949, overruling all motions for a new trial" as against Anthony Zarlengo only.

The appeal was not filed by counsel who tried the case in the court of common pleas properly as one on questions of law and fact. It appearing that a bill of exceptions was prepared, allowed and filed leave was granted plaintiff to refile it instanter, together with brief. The appeal was retained, argued by counsel, other than those who tried the case we review in the trial court, submitted, and will be determined as an appeal on questions of law.

Though appealing on questions of law and fact counsel who tried the case in the court of common pleas and filed defendants' appeal claim, by assignments of error, that the trial judge erred to their prejudice "in admitting evidence offered

by the appellee (Anthony Zarlengo) herein and objected to by these appellants; in refusing to admit evidence offered by these appellants; in permitting the appellee at various times to leave the stand and attempt to substantiate the allegations in his petition by recomputing and refiguring costs of labor and material; in allowing the appellee to offer certain computations in variance to the proceedings; in entering judgment without having the pleadings amended;" which latter three they contend constituted "irregularities in the trial and proceedings"; and "in directing a verdict in favor of the appellee; in rendering judgment on the pleadings in favor of the appellee herein; in granting cross-petitioners, to-wit: Patsy Zarlengo, A. G. Sharp Lumber Company, Joseph Bloomberg, d. b. a. R. Charles Bloomberg & Son, and Sidney G. Hill, liens against premises owned by these appellants." Further they contend by such assignments of error that the "judgment of the court is against the weight of the evidence; judgment is not supported by sufficient evidence and is contrary to law"; that "the liens granted the cross-petitioners in this case are contrary to law"; that the trial judge erred "in overruling motions of these appellants for a new trial as against Anthony Zarlengo, Patsy Zarlengo, A. G. Sharp Lumber Company, Joseph Bloomberg, d. b. a. R. Charles Bloomberg and Son, and Sidney G. Hill"; and that there "are other errors manifest upon the face of the record."

It is admitted by the respective parties that defendant Cecelia Snyder paid plaintiff $21,592.42. There is evidence that from that amount he paid $17,133.43 for all purposes in connection with the work done on defendants' property; that he appropriated the balance of $4458.99 to his own use.

We understand and interpret defendant's contention as being that plaintiff is entitled to compensation on the total actual cost of the alterations, improvements and repairs made on defendants' property, which they claim the evidence discloses was $23,093.88; on the basis of 10% on $5229.78, salaries, wages, insurance, 5% on subcontractors labor of $13,231.60, and 10% plus 10% on materials furnished by him in the amount of $73.00, a total of $1503.77.

Further, we interpret defendants' contention as being that the judgment of the trial judge entered in favor of plaintiff is prejudicially excessive by reason of error of the trial judge in interpreting and applying the compensation agreement of the parties and making incorrect allowance for the amounts paid by the respective parties toward the total cost involved; that the amount of $4458.99, to which reference has been made, added to the balance of $1787.58 of the court's judg-

ment of $5330.00 remaining after payment of the liens in the amount of $3542.88, to which reference is made supra, totals $6246.57; and that the latter amount is the total amount of compensation paid Zarlengo if and when the judgment entered by the trial judge is paid.

As we interpret defendants' brief filed in, and understand the arguments made by their counsel before, this court, they contend that the judgment of the trial court entered in favor of defendant A. G. Sharp Company is excessive to the amount of $134.56, which amount represents material amounting to $52.16 called for, but not used, by plaintiff on defendants' job, and lumber in the amount of $82.40 ordered on January 6, 1947, and delivered on January 13, 1947, after, as defendants contend, plaintiff ceased work on their property on December 20, 1946; that under the order of the trial judge "that plaintiff pay to defendants-cross-petitioners Hill, Zarlengo, Bloomberg and Sharp, the amounts of their judgments against him in the event defendants paid the amount of the judgments held by him against them contingently, prejudiced them to the extent of $134.56, to which extent the judgment of the trial court entered in favor of defendant Sharp they contend is prejudicially erroneous to them.

Plaintiff-appellee's contention of the amount due him, and which comes to within $11.40 of the amount of the judgment entered by the trial judge, is shown by the following computation lifted from his brief:—

"Let us assume the figure given by appellant as to the amount expended for labor, to-wit:  $ 4,754.00

(Although there was submitted in evidence 'Plaintiff's Exhibit 22' which is an itemized statement of all labor and which the evidence shows was submitted to appellant, showing the total costs of labor as being $5,933.66)

According to 'Plaintiff's Exhibit No. 20' the total cost of labor and material furnished through subcontractors and materialmen is as shown in the first column of 'Plaintiff's Exhibit 20' in the sum of  21,732.40

or a total of  $26,486.40

The Court was well within his province in concluding from the evidence that plaintiff was entitled to recover in addi-

| | |
|---|---:|
| tion to the above amount, as being 10% on labor, the sum of | 475.00 |
| As being 10% on labor and materials for overhead, the sum of | 2,651.00 |
| As being 10% on all labor and materials as profit the sum of | 2,651.00 |
| Total amount due to plaintiff | $32,263.40 |

There is no dispute as to the credits to be given appellant which are as follows:

| | |
|---|---:|
| Amount paid to Zarlengo | $21,592.00 |
| Amount paid to Bertolini | 3,387.00 |
| Amount paid to Billig | 285.00 |
| Amount paid to Kramer | 1,658.00 |
| Total credit to Snyder | $26,922.00 |

Therefore, the total charges as against

| | |
|---|---:|
| Snyder are | $32,263.40 |
| The total credits to Snyder | 26,922.00 |

| | |
|---|---:|
| Leaving a balance due to the contractor, plaintiff below, of | $ 5,341.40" |

It is conceded that plaintiff was to furnish the labor, order the material and negotiate the sub-contracts necessary to effect the alterations, improvements and repairs to defendants' property desired by defendant Cecelia Snyder; and that the liens of defendants Hill, Patsy Zarlengo and Charles Bloomberg and Son, as stated supra, are correct.

The bill of exceptions submitted to us for review is reasonably voluminous, the transactions between the parties involved, the records of which apparently were not kept accurately; and we cannot make detailed reference to them and attempt to write an understandable opinion and keep it within reasonable length.

As the result of a careful analysis of the evidence presented to us for review we conclude that the trial judge did not err to defendants' prejudice in finding that in accordance with the agreement between plaintiff and defendants Snyder plaintiff is entitled to recover from defendants Snyder 10% of the amount of salaries paid, 10% for insurance on the amount paid for labor, 10% of the amount of the materials used in the improvement, alteration and repair of defendants' property plus an additioned 10% on plaintiff's

own material furnished by him, and 10% on all work done by such subcontractors, which work plaintiff supervised.

After studying the evidence with reference to the lien of defendant Sharp we conclude that it is excessive to the amount claimed by counsel for plaintiff, and that the trial judge erred to plaintiff's prejudice in finding the lien of defendant Sharp a good and valid lien in the amount of $645.90 instead of $511.34.

Since defendants' present counsel do not rely on the assigned errors of "irregularities in the trial and proceedings" had in the court of common pleas in the admission or rejection of evidence in the respects claimed by defendants; nor "in permitting the appellee to leave the stand and attempt to substantiate the allegations in his petition by recomputing and refiguring costs and labor and materials"; nor in "allowing the appellee to offer certain computations in variance to the proceedings"; nor "in entering judgment without having the pleadings amended"; nor "in directing a verdict in favor of the appellees"; and do not contend that there are "other errors manifest upon the face of the record." we do not pass upon these assigned grounds of error.

The judgment of the trial court is modified to the extent indicated in the docket entry of this court and this opinion, and as modified is affirmed.

NICHOLS, J. GRIFFITH, J. concur in judgment.